IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FAITH ACTION FOR COMMUNITY EQUITY; TOCHIRO KOCHIRO KOVAC, individually and on behalf of a class of persons in the State of Hawaii who, because of their national origins, have limited English proficiency<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII; HAWAII DEPARTMENT OF TRANSPORTATION; GLENN OKIMOTO, in his official capacity as the Director of the Hawaii Department of Transport,<br><br>Defendants. | CIVIL NO. 13-00450 SOM/RLP<br><br>ORDER DENYING MOTION TO CERTIFY CLASS UNDER RULE 23(B)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE |

**ORDER DENYING MOTION TO CERTIFY CLASS UNDER RULE 23(B)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**I.      INTRODUCTION.**

Plaintiffs Faith Action for Community Equity and Tochiro Kochiro Kovac (collectively, "FACE") allege that Defendant Hawaii Department of Transportation ("HDOT") violated the Fourteenth Amendment's guarantee of equal protection and Title VI's prohibition against national origin discrimination in federally funded programs when it failed to offer Hawaii's driver's license examination in other languages in addition to English.  Although Hawaii now offers translated versions of the

written driver's license exam, FACE contends that the risk remains that Hawaii might once again limit the exam to English.

FACE seeks certification of a class for injunctive relief under Rule 23(b)(2) of the Federal Rules of Civil Procedure. FACE's motion for class certification is denied. FACE proposes an overly broad class definition and fails to satisfy some of the requirements for a class action. FACE's changing theories underscore this court's determination that certification is not appropriate under the circumstances presented here.

**II.     FACTUAL BACKGROUND.**

The factual background for this case was set forth in this court's Order Denying Countermotions for Summary Judgment, ECF No. 154, filed on February 23, 2015. That factual background is incorporated here by reference.

**IV.     ANALYSIS.**

"[T]he district court facing a class certification motion is required to conduct 'a rigorous analysis' to ensure that the Rule 23 requirements are satisfied." Conn. Ret. Plans & Trust Funds v. Amgen Inc., 660 F.3d 1170, 1175 (9th Cir. 2011); accord Parsons v. Ryan, 754 F.3d 657, 674 (9th Cir. 2014). "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule--that is, he must be prepared to prove that there

are *in fact* sufficiently numerous parties, common questions of law or fact, etc." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011) (emphasis in original). Analyzing whether Rule 23's prerequisites have been met will "frequently entail overlap with the merits of the plaintiff's underlying claim . . . [because] class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1432 (2013) (quotation marks and citations omitted). "[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Wal-Mart, 131 S. Ct. at 2551 (quotation marks and citation omitted).

### A. The Proposed Class Definition is Overbroad.

FACE seeks certification of the following class for injunctive relief under Rule 23(b)(2) of the Federal Rules of Civil Procedure:

> all persons in the State of Hawai`i, who, because of their Limited English Proficiency and/or national origins, who were, are, or will be improperly denied meaningful, timely and accurate oral and written language access in their efforts to obtain driver's licenses from the Hawai`i Department of Transportation.

See ECF No. 148-1, PageID # 2488.

This proposed class definition mistakenly uses the word "who" twice. Even if the court ignores the second such usage,

3

the proposed class definition is overbroad; it includes claims that are not included in the First Amended Complaint. That is, the scope of the proposed class is not limited to the time-frame applicable to the First Amended Complaint and includes persons who fall outside the scope of what is asserted in the First Amended Complaint. For example, the First Amended Complaint alleges that HDOT stopped providing translated written driver's license exams in 2009. However, the proposed class definition could be read as asserting claims before that date. Similarly, the First Amended Complaint asserts claims of national origin discrimination in violation of 42 U.S.C. §§ 1983 and 2000d. But a fourth-generation United States citizen who has limited English proficiency would be included in the proposed class even if his or her inability to pass the written driver's license examination was due to a lack of English proficiency and not to national origin discrimination.

The proposed class is not "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." 7A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Fed. Practice & Proc. § 1760 (3d ed 2005). Instead, it is "defined so broadly that it encompasses individuals who have little connection with the claim being litigated." Id.

Although the court could be proactive and itself suggest a definition of the class, it does not do so. Because FACE, in any event, fails to satisfy some of the requirements of Rule 23 of the Federal Rules of Civil Procedure, certification is unwarranted.

**B. FACE Does Not Satisfy Rule 23.**

FACE has "the burden of demonstrating that [it] has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180 (9th Cir. 2001). FACE seeks certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure, which states:

> A class action may be maintained if Rule 23(a) is satisfied and if:
> 
> . . . .
> 
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]
> 
> Rule 23(a) states:
> 
> One or more members of a class may sue or be sued as representative parties on behalf of all only if:
> 
> (1) the class is so numerous that joinder of all members is impracticable;
> 
> (2) there are questions of law or fact common to the class;

>    (3) the claims or defenses of the
>    representative parties are typical of the
>    claims or defenses of the class, and
>
>    (4) the representative parties will fairly
>    and adequately protect the interests of the
>    class.

Fed. R. Civ. P. 23(a).

A class action is an exception to the rule that "litigation is conducted by and on behalf of the individual named parties only." Wal-Mart, 131 S. Ct. at 2550 (quotation marks and citation omitted). To justify any departure from that rule, the class representative must be part of the class and have the same interest and injury as the class members. Id. "Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate. The Rule's four requirements—numerosity, commonality, typicality, and adequate representation—effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." Id.

### 1. Numerosity.

Rule 23's numerosity requirement is satisfied when "the class is so large that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Although the absolute number of class members is not the sole determining factor, where a class is large in numbers, joinder will usually be impracticable." Jordan v. Los Angeles Cnty., 669 F.2d 1311, 1319 (9th Cir. 1982). "[G]enerally, courts will find that the numerosity requirement

6

has been satisfied when the class compr[ises] 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer." McCluskey v. Trustees of Red Dot Corp. Employee Stock Ownership Plan & Trust, 268 F.R.D. 670, 674 (W.D. Wash. 2010) (internal quotation omitted) (surveying cases). However, a class may be certified even when the exact membership of the class is not immediately ascertainable, as long as plaintiffs demonstrate that it is large enough that joinder is impracticable. See, e.g., McMillon v. Hawaii, 261 F.R.D. 536, 542 (D. Haw. 2009) ("Courts need not determine the exact size of a class in order to find numerosity satisfied.").

A court should "rely on 'common sense' to forgo precise calculations and exact numbers" when a plaintiff "show[s] sufficient circumstantial evidence specific to the products, problems, parties, and geographic areas actually covered by the class definition to allow [the court] to make a factual finding." Marcus v. BMW of N. Am., LLC, 687 F.3d 583, 596 (3d Cir. 2012). As noted in the court's order of February 23, 2015, according to an e-mail from Rey Domingo of HDOT, 4,199 foreign language exams were administered in the City and County of Honolulu in 2007. See ECF No. 135-10, PageID # 2273; see also ECF No. 135-13, PageID # 2289 (indicating that 4,177 non-English tests were administered in 2007). FACE argues that, when HDOT stopped providing translated written driver's license exams, it

7

intentionally discriminated against people based on their national origins. Given the number of translated tests administered in the City and County of Honolulu alone in 2007, the court infers that the numerosity requirement is satisfied even though the court lacks an exact number of persons denied the opportunity to take a translated version of the written driver's license exam.

**2. Commonality.**

"Commonality exists where class members' situations share a common issue of law or fact, and are sufficiently parallel to insure a vigorous and full presentation of all claims for relief." Wolin v. Jaguar Land Rover N. Am., LLC, 617 F.3d 1168, 1172 (9th Cir. 2010). Not "every question of law or fact must be common to the class; all that Rule 23(a)(2) requires is a single significant question of law or fact." Abdullah v. U.S. Sec. Associates, Inc., 731 F.3d 952, 957 (9th Cir. 2013) (internal quotation omitted).

> The Supreme Court explained,
> 
> Commonality requires the plaintiff to demonstrate that the class members "have suffered the same injury[.]" This does not mean merely that they have all suffered a violation of the same provision of law. Title VII, for example, can be violated in many ways--by intentional discrimination, or by hiring and promotion criteria that result in disparate impact, and by the use of these practices on the part of many different superiors in a single company. Quite obviously, the mere claim by employees of the

> same company that they have suffered a Title
> VII injury, or even a disparate-impact Title
> VII injury, gives no cause to believe that
> all their claims can productively be
> litigated at once. Their claims must depend
> upon a common contention—for example, the
> assertion of discriminatory bias on the part
> of the same supervisor. That common
> contention, moreover, must be of such a
> nature that it is capable of classwide
> resolution--which means that determination of
> its truth or falsity will resolve an issue
> that is central to the validity of each one
> of the claims in one stroke.

Wal-Mart, 131 S. Ct. at 2551 (citation omitted).

"What matters to class certification is not the raising of common questions--even in droves--but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." Id. (quotation marks, alterations, and citations omitted). In other words, plaintiffs seeking class certification must demonstrate that class members have suffered the same injury, not merely violations of the same law. See Parsons, 754 F.3d at 674-75. "So long as there is even a single common question, a would-be class can satisfy the commonality requirement of Rule 23(a)(2)." Id. at 675 (quotation marks and citation omitted).

FACE's claims do not meet the commonality requirement. In its motion, FACE argued:

9

> there are overarching legal issues that apply
> to all class members namely, whether HDOT
> engaged in national origin discrimination in
> violation of Title VI when it reverted to an
> English only policy in 2008, refused to
> reinstate written translations for 5½ years,
> and continues to refuse to provide
> interpretation of the road portion of the
> driver's exam.

ECF No. 148-1, PageID # 2494. But in its Reply and at the hearing on the motion, FACE argued that this case is about whether a driver's license is a "vital document." Local Rule 7.4 prohibits this kind of shifting theory, as it is patently unfair to nonmoving parties. Local Rule 7.4 states, "A reply must respond only to arguments raised in the opposition. Any argument raised for the first time in the reply shall be disregarded."

At most, FACE's motion mentions "vital documents" in a historical context: "The Language Access Law required State agencies to provide free oral language services (interpretation), to translate vital documents, and to provide free written language services (translation)." ECF No. 148-1, PageID # 2485. This statement did not provide notice that FACE was relying on a "vital documents" rationale in positing commonality. FACE could have moved for a determination as a matter of law that a driver's license is a "vital document." That did not occur. FACE cannot place this issue before the court by belatedly raising it in its Reply in support of its motion for class certification.

Turning to the arguments that were indeed raised by FACE's moving papers, the court notes that FACE as an organization will presumably not be a class member. The court therefore looks at whether Kovac's situation is common to class members. Notwithstanding the general assertion that HDOT intentionally discriminated against LEP persons based on their national origins by failing to provide translated driver's license exams, the court does not view Kovac's claims as sufficiently like the claims of other purported class members or as indicating that he shares any question in common with class members. For example, Kovac asserts intentional discrimination arising out of a more than five-year delay in providing translated written driver's license exams after one, easily translatable question was added to the previously translated exam. Had Kovac spoken one of the languages that the exam was previously translated into and had he suffered a more than five-year delay in reinstatement of the translated exam, he might be said to have a question in common with the speakers of those languages. But Kovac speaks Chuukese, which the written driver's license exam was not previously translated into. Thus, with respect to Kovac, any claim of discrimination relating to a delay of more than five years would require an examination of whether the exam should have been translated into Chuukese even before that single question was added.

As the court noted in its order of February 23, 2015, HDOT has taken the position that it was not required to translate the written driver's license exam into Chuukese. See ECF No. 154, PageID # 2600 (citing Decl. of Clifton Harty ¶ 9, PageID #s 1839-40). Absent a demonstration that HDOT was required to translate the exam into Kovac's language, it cannot be said that HDOT's refusal to provide translated exams was discrimination that Kovac suffered in common with all LEP persons. Kovac's situation is also distinguishable from the situations of those who speak languages that the written driver's license exam is even now not offered in.

The fact that Kovac failed the written driver's license exam means that he has not qualified to sign up to take the practical exam or road test. Accordingly, to the extent the First Amended Complaint purports to encompass a claim that HDOT has intentionally discriminated against individuals taking the practical driver's license exam by failing to allow them to have a translator present during the road test, Kovac lacks standing to assert that claim, not having suffered that form of alleged discrimination at all. See Hawkins v. Comparet-Cassani, 251 F.3d 1230, 1238 (9th Cir. 2001) ("A named plaintiff cannot represent a class alleging . . . claims that the named plaintiff does not have standing to raise.").

It may well be that the claims in this action are the type amenable to class litigation. Kovac, however, is not a proper class representative given the circumstances in the record.

### 3. **Typicality**.

"[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020. However, a plaintiff's motion for class certification should not be granted when there is a danger that absent class members will suffer because their representative is preoccupied with defenses unique to the representative. See Ellis v. Costco Wholesale Corp., 657 F.3d 970, 984 (9th Cir. 2011). The Ninth Circuit has noted that "commonality and typicality requirements of FRCP 23(a) tend to merge." Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1041 (9th Cir. 2012). "Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Gen. Tel. Co. of S.W. v. Falcon, 457 U.S. 147, 158 n.13.

Typicality, however, derives its independent legal significance from its ability to "screen out class actions in

which the legal or factual position of the representatives is markedly different from that of other members of the class even though common issues of law or fact are present." 7A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Fed. Practice & Proc. § 1764 (3d ed 2005). Kovac's claims do not meet the typicality prong.

Kovac's need to demonstrate entitlement to a translated exam concerns a matter not applicable to numerous other purported class members. Additionally, Kovac's failure to pass the translated exam when he took it recently raises the question of whether Kovac lacks the requisite knowledge of laws and regulations to pass the exam. Kovac's unique background and factual situation require him to address defenses not typical of defenses that may be raised against other purported class members.

### 4. Adequacy.

A class representative must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). With respect to the adequacy of a class representative, the Ninth Circuit says that "courts must resolve two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Ellis, 657 F.3d at 985 (quotation marks and citation

omitted). At first blush, it appears that Kovac satisfies the adequacy prong. Kovac is represented by qualified counsel and appears able to prosecute this action without conflicts. However, Kovac's inability to date to pass a translated version of the written driver's license exam not only raises a special factual issue that may distract from common questions, it may also mean that Kovac lacks standing to represent certain class members who have suffered injuries he did not suffer. The same is true if HDOT was not required to translate the exam into Chuukese.

### C. Rule 23(b)(2).

FACE seeks certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure, which allows a class action to be maintained if Rule 23(a) is satisfied and "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]"

> The Supreme Court has explained,
>
> The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them. . . . In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class

> certification when each individual class
> member would be entitled to a different
> injunction or declaratory judgment against
> the defendant. Similarly, it does not
> authorize class certification when each class
> member would be entitled to an individualized
> award of monetary damages.

Wal-Mart, 131 S. Ct. at 2557. "Civil rights cases against parties charged with unlawful, class-based discrimination are prime examples" of what Rule 23(b)(2) is designed to reach. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997).

In its motion, FACE contends that it meets Rule 23(b)(2) because:

> HDOT's unilateral and universal
> discontinuation of the translated written
> examinations, its inability to provide timely
> translations of a single question for 5½
> years, and its current blanket prohibition on
> oral interpretation of the road portion of
> the driver's examination are generally
> applicable to the class as a whole.

As the only named class representative, Kovac speaks a language that the written driver's license exam was not originally translated into. This makes any reference to a delay of five and a half years in translating one question at least arguably irrelevant to him. Additionally, Kovac has not attempted to take the practical portion or road test and so has not been subjected to any alleged discrimination in that regard. There may well be class-wide injunctive relief that could be warranted. However, given the lack of a good class definition and an appropriate

class representative, the court cannot say that such class-wide injunctive relief has been shown to be appropriate.

The written driver's license exam is now being offered in various translations.  Thus, any request for injunctive relief would presumably be seeking to prevent HDOT from ending its practice of offering translated exams.

**V.     CONCLUSION.**

The court denies the present motion for class certification.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 20, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Faith Action For Community Equity; Tochiro Kochiro Kovac, individually and on behalf of a class of persons in the State of Hawaii who, because of their national origins, have limited English proficiency v. State of Hawaii; Hawaii Department of Transportation; Glenn Okimoto, in his official capacity; Civ. No. 13-00450 SOM/RLP; ORDER DENYING MOTION TO CERTIFY CLASS UNDER RULE 23(B)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE