IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FAITH ACTION FOR COMMUNITY EQUITY; TOCHIRO KOCHIRO KOVAC, individually and on behalf of a class of persons in the State of Hawaii who, because of their national origins, have limited English proficiency<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII; HAWAII DEPARTMENT OF TRANSPORTATION; GLENN OKIMOTO, in his official capacity as the Director of the Hawaii Department of Transport,<br><br>Defendants. | CIVIL NO. 13-00450 SOM/RLP<br><br>ORDER AFFIRMING MAGISTRATE JUDGE ORDER DENYING PLAINTIFFS' MOTION TO ALTER THE RULE 16 SCHEDULING ORDER TO ALLOW THE DEPOSITION OF REBECCA GARDNER |

**ORDER AFFIRMING MAGISTRATE JUDGE ORDER DENYING PLAINTIFFS' MOTION TO ALTER THE RULE 16 SCHEDULING ORDER TO ALLOW THE DEPOSITION OF REBECCA GARDNER**

I. INTRODUCTION.

Plaintiffs Faith Action for Community Equity and Tochiro Kochiro Kovac (collectively, "Faith Action") appeal from Magistrate Judge Richard L. Puglisi's order of April 14, 2015. That order denied Faith Action's motion to modify the Rule 16 Scheduling Order so that Faith Action could depose Rebecca Gardner after the discovery cut-off. Because his order is neither clearly erroneous nor contrary to law, this court affirms Magistrate Judge Puglisi.

## II. BACKGROUND FACTS.

On September 6, 2013, Faith Action filed the Complaint in this matter. See ECF No. 1. A First Amended Complaint was filed on February 11, 2014. See ECF No. 60.

The Rule 16 Scheduling Order of May 16, 2014, set a trial date of May 19, 2015. See ECF No. 98 at 2, PageID # 1546. On December 29, 2014, the court continued the trial date to May 28, 2014. See ECF No. 130. The Rule 16 Scheduling Order set a discovery cut-off of March 20, 2015, and stated, "Unless otherwise permitted by the Court, all discovery motions and conferences made or requested pursuant to Federal Rules of Civil Procedure, Rules 26 through 37 inclusive of LR 26.1, 26.2 37.1 shall be heard no later than thirty (30) days prior to the discovery deadline." See ECF No. 98 at 3, PageID # 1547.

On August 28, 2014, the court ordered that the trial date could not be continued except through a motion, which the trial judge indicated was unlikely to be granted. See ECF No. 118.

According to Defendant State of Hawaii Department of Transportation, Faith Action conducted no discovery from September 2014 through January 2015. See ECF No. 191, PageID # 2991.

On February 5, 2015, counsel for Faith Action sent counsel for the State an e-mail, asking for dates that six people

would be available to be deposed. The six proposed deponents included Scott Haneberg and Rebecca Gardner. See ECF No. 185-3, PageID # 2874; ECF No. 185-9, PageID # 2900. The parties then discussed the possibility that the proposed depositions might not be completed before the discovery cut-off. The State sent Faith Action an e-mail stating, "If we are unable to get all of the depositions completed by 3/20, we will advise the Court that the parties need to move the discovery cut off date because of problems with scheduling. I have never had a court refuse to do that." ECF No. 185-3, PageID # 2873. The State clarified later the same day that "the possibility of moving the discovery cut-off date would be limited to just accommodating depositions that were timely requested but could not be completed before the cut-off date due to the deponent's scheduling issues." Id., PageID # 2872 (emphasis added).

On February 18, 2015, Faith Action served notices of deposition for Scott Haneberg, Rebecca Gardner, and others. See ECF No. 150, PageID # 2521. Faith Action noticed the deposition of Haneberg for a day he was off-island. See Decl. of John Molay ¶ 6, ECF No. 191-1, PageID # 2998. On March 4, 2015, Faith Action's counsel sent an e-mail to the State, asking for proposed dates for a rescheduled Haneberg deposition, given Haneberg's unavailability until after the March 20 discovery cut-off. See id.; ECF No. 185-9, PageID # 2888. The State responded the same

day that the parties could "raise the issue with Judge Puglisi so he is aware that the deposition could not be completed by 3/20." ECF No. 185-9, PageID # 2888. The parties rescheduled Haneberg's deposition for March 27, 2015, executing a stipulation to extend the discovery cut-off to allow that deposition. See Molay Depo. ¶¶ 7-8, ECF No. 191-1, PageID # 2999; see also ECF No. 185-11, PageID # 2904.

On February 26, 2015, a status conference was held in Ah Chong v. State of Hawaii, Civ. No. 13-00663 LEK/KSC. See ECF No. 185-4, PageID # 2876. Paul Alston, Claire Wong Black, and Gavin K. Thornton, counsel for Faith Action in this case, are also counsel for the plaintiff in Ah Chong. John Molay is counsel for the State in both cases. Id. Paul Alston requested a settlement conference in Ah Chong on March 19, 2015. That date was picked over Molay's objection. See Molay Decl. ¶ 10, ECF No. 191-1, PageID # 2999.

Rebecca Gardner's deposition had been set for March 19, 2015, meaning that the settlement conference in Ah Chong conflicted with Gardner's scheduled deposition. On March 6, 2015, Faith Action's counsel requested that Gardner's deposition be rescheduled. See ECF No. 185-5, PageID # 2878. Andrew Salenger, co-counsel for the State, responded that he or Molay would be "available on the following dates in March: 10, 13, 17, 20, 23, or 24." See ECF No. 185-5, PageID # 2877. The State

4

told Faith Action to "check with Frances Lum . . . in terms of moving the OLA depos," presumably indicating that the proposed dates were conditioned on the availability of Ms. Lum, another State attorney. Apparently, counsel for Faith Action went ahead and set Gardner's deposition for March 23, 2015.

On March 18, 2015, counsel for Faith Action asked the State whether it would be amenable to adding the rescheduled Gardner deposition to the stipulation extending the discovery cut-off that the parties were executing with respect to the Haneberg deposition. See ECF No. 185-10, PageID # 2902. Counsel for the State responded, "I think a separate stipulation would be better." Id.

On March 19, 2015, Faith Action sent the State a proposed stipulation to extend the discovery cut-off with respect to Gardner. See ECF No. 185-12, PageID # 2906. The State responded the same day that it was unwilling to sign the stipulation because the deposition, set right before the discovery cut-off, was "unilaterally changed solely for the convenience of Plaintiffs' counsel." See ECF No. 185-12, PageID #s 2905-06.

On March 20, 2015, Faith Action requested a discovery conference with Magistrate Judge Puglisi to discuss Gardner's deposition. See ECF No. 185-13. Magistrate Judge Puglisi denied the request for a discovery conference, stating:

> The Rule 16 Scheduling Order in this case
> provides that the discovery cut-off is March
> 20, 2015, and that all discovery motions and
> conferences made or requested shall be heard
> no later than February 18, 2015. ECF No. 98.
> On March 20, 2015, the Court received a
> letter requesting a discovery conference
> related to a deposition scheduled for March
> 23, 2015. Because Plaintiffs' request is
> untimely and Plaintiffs have not demonstrated
> good cause to extend the applicable deadline,
> the Court DENIES Plaintiffs' request for a
> discovery conference.

ECF No. 180.

On March 23, 2015, three days after the discovery cut-off and more than a month after the motion deadline for discovery disputes, Faith Action filed a motion to amend the Rule 16 Scheduling Order to allow it to take Gardner's deposition. See ECF No. 185. On April 14, 2015, Magistrate Judge Puglisi denied that motion, ruling that Faith Action had not shown good cause to modify the Rule 16 schedule because Faith Action had not been diligent in conducting discovery or seeking modification of the discovery deadline. Magistrate Judge Puglisi also determined that the State would be prejudiced by having to engage in discovery right before trial, instead of preparing for trial. See ECF No. 200.

Faith Action did not file its appeal of Magistrate Judge Puglisi's order regarding Gardner's deposition until the appeal deadline. See ECF No. 225. As of the filing of the appeal, trial was only one month away.

6

**III.    STANDARD.**

Under Local Rule 74.1 and 28 U.S.C. § 636(b)(1)(A), a district judge may set aside a magistrate judge's nondispositive order if it is "clearly erroneous or contrary to law." See Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414-15 (9th Cir. 1991). The threshold of the "clearly erroneous" test is high. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").

**IV.    ANALYSIS.**

When a district court files a pretrial scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure, amendment of that order is governed by the "good cause" standard set forth in Rule 16. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson, 975 F.2d at 609. In other words, this court may modify

the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Id. Although the existence or degree of prejudice to the party opposing the modification might supply an additional reason to deny a motion to modify a scheduling order, the focus of the inquiry is on the moving party's reasons for seeking modification. Id. "If that party was not diligent, the inquiry should end." Id. Accord In re W. States Wholesale Nat'l Gas Antitrust Litigation, 715 F.3d 716, 737 (9th Cir. 2013).

Faith Action fails to demonstrate that Magistrate Judge Puglisi clearly erred in determining that good cause was lacking to support the requested modification of the Rule 16 Scheduling Order. The record includes support for Magistrate Judge Puglisi's determination that Faith Action did not diligently seek discovery or a modification of the discovery deadline.

Faith Action has known for almost a year that the trial would be in May 2015. It also knew from May 2014 that the discovery cut-off was March 20, 2015, and that any motion related to discovery had to be "heard no later than thirty (30) days prior to the discovery deadline." See ECF No. 98. Faith Action has known since August 2014 that the trial date could not be continued except through a motion. See ECF No. 118. Yet, Faith

Action did not attempt to take discovery from August 2014 until February 2015.  Faith Action noticed the deposition of Rebecca Gardner one day before the discovery cut-off, then rescheduled the deposition to March 23, 2015, to allow its counsel to attend a settlement conference in another case.  Although the State agreed to move the discovery cut-off when deponents were unavailable, the State did not agree to move Gardner's deposition based on attorneys' schedules.

This court recognizes that some e-mails sent by the State may have misled Faith Action into thinking that the State was willing to agree to a late Gardner deposition even if the delay was not attributable to Gardner's schedule.  For example, one e-mail told Faith Action that moving Gardner's deposition should be the subject of a separate stipulation.  The State also listed possible deposition dates that fell after the cut-off.  However, the State did not actually agree to extend the discovery cut-off.  Moreover, these particular e-mails from the State were sent in March 2015, meaning that, even had they not been sent, Faith Action would have missed the Scheduling Order's deadline of one month before the March 20 discovery cut-off for getting a discovery motion heard.  Faith Action has not explained why it waited more than a month after the cut-off for discovery-related motions to seek a modification of the cut-off.  Under these circumstances, the court identifies no clear error in Magistrate

9

Judge Puglisi's ruling that Faith Action lacked good cause to amend the Rule 16 Scheduling Order.  The court affirms his order of April 14, 2015.

**V.      CONCLUSION.**

The court affirms Magistrate Judge Puglisi's order of April 14, 2015, denying Faith Action's request to modify the Rule 16 Scheduling Order to allow Faith Action to take the deposition of Rebecca Gardner.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 5, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Faith Action For Community Equity, et al. v. State of Hawaii; Hawaii Department of Transportation; Glenn Okimoto, in his official capacity; Civ. No. 13-00450 SOM/RLP; ORDER AFFIRMING MAGISTRATE JUDGE ORDER DENYING PLAINTIFFS' MOTION TO ALTER THE RULE 16 SCHEDULING ORDER TO ALLOW THE DEPOSITION OF REBECCA GARDNER